# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

JAMES P. URBAN,

        Plaintiff,

vs.

IOWA DEPARTMENT OF NATURAL
RESOURCES, CHAD MORROW,
STEVEN GRIEBAL, JOHN SELLS,
AMY OETKEN, BILLY OYADARE,
and DERIN RAYMOND

        Defendants.

No. C11-4107-DEO

**REPORT AND RECOMMENDATION
ON MOTIONS TO DISMISS**

_____

On December 14, 2011, the plaintiff James P. Urban filed a complaint in this court commencing an action against the Iowa Department of Natural Resources ("DNR") and six individual defendants. Doc. No. 1. On March 7, 2012, Mr. Urban filed an amended complaint, alleging that the defendants "are misusing Iowa Laws" because the laws do not apply "to trapping nongame animals." He states that he filed this civil suit "because when a person fights the Iowa Dept. of Natural Resources, they do not get a fair [trial]." He asks for numerous items of monetary damages and for the return of certain property.

The defendants have moved to dismiss the complaint on numerous grounds, including issue preclusion. *See* Doc. Nos. 8, 9, & 11. In resisting these motions (Doc. No. 13), Mr. Urban sheds some more light on the nature of his claims. He states that he "plan[s] on showing the court and a jury that the county att, DNR and [his] Atty Oyadare are convicting people of laws that do not [exist] and that they are misusing Ia laws." He also plans on "showing the court and a jury that [he] was not given [a] fair [trial]."

Although he claims otherwise, it is apparent that in this action Mr. Urban is asserting the same claims he asserted in a case that he previously filed in this court. *Urban v. Iowa Dep't of Natural Res.*, No. C11-4068-PAZ (N.D. Iowa filed Aug. 1, 2011). On

December 19, 2011, this court entered an order dismissing that case with prejudice. *See Urban*, *supra*, Doc. No. 19. In its order, the court stated the following:

> [The plaintiff] appears to be alleging that his son Travis was trapping fur-bearing animals, such as raccoons and badgers, and was keeping his catch in his garage. Defendants Sells and Morrow were employees of the DNR acting within the scope of their authority when they encountered Travis in the act of trapping. They learned that he was keeping his catch in his father's garage. They then went to Mr. Urban's house and charged him with unlawful possession of the furs without a license. Mr. Urban alleges that he was jailed twice on these charges for a period totally for eight and one-half months.
>
> Mr Urban alleges that no law prohibits him from possessing these furs, that he was not required to have a license to possess the furs, and that in fact no such license even exists under Iowa law. He claims he is entitled to recover damages for being unlawfully held in jail; for being fined $8,000 by the DNR; for the suspension of his DNR trapping license; and for the seizure of property (presumably the furs in question) from his house. He also is claiming damages "for the $5,000 plus for work release and $2,500 for appeal bond and $650 to bond out of jail while misusing Iowa laws."

The court dismissed the case because there was no basis for jurisdiction in federal court, and because the plaintiff had failed completely to allege facts "above the speculative level" to support a cognizable legal theory for a valid claim against the defendants.

It is clear that in the present lawsuit the plaintiff is attempting to again assert that the DNR and various state officials acted contrary to Iowa law when they prosecuted him for unlawful possession of furs. This question has already been decided by this court, and the plaintiff is precluded from asserting this claim in the present action. *See Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the

prior litigation."); *Plough ex rel. Plough v. W. Des Moines Cmty. Sch. Dist.,* 70 F.3d 512, 517 (8th Cir. 1995) (claim preclusion "bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction"). In any event, this claim is barred by the principles set out in of *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

To the extent the plaintiff also is attempting to assert an attorney malpractice case against the defendant Oyadare, he has asserted no basis for this court's jurisdiction, and it appears to the court that there is none.

## *Recommendation*

For the reasons stated above, **IT IS RESPECTFULLY RECOMMENDED** that the defendants' motions to dismiss (Doc. Nos. 8, 9, & 11) be **granted**.

Objections to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court

of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 25th day of April, 2012.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT