**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JAMES URBAN,<br><br>    Plaintiff,<br><br>v.<br><br>IOWA DEPARTMENT OF NATURAL RESOURCES, CHAD MORROW, STEVEN GRIEBAL, JOHN SELLS, AMY OETKEN, BILLY OYADARE, AND DARIN RAYMOND,<br><br>    Defendants. | **No. 11-CV-4107-DEO**<br><br>**RULING ON MOTION TO DISMISS FOLLOWING MAGISTRATE'S REPORT AND RECOMMENDATION** |

_____

This matter came before the Court on Tuesday, September 18, 2012, via telephonic hearing. Attorney David Steward appeared on behalf of the Iowa Department of Natural Resources, Chad Morrow, Steven Griebal, John Sells, and Billy Oyadare. Attorney Phil Redenbaugh appeared on behalf of Amy Oetken and Darin Raymond. The Plaintiff, James Urban [hereinafter Mr. Urban], appeared pro se. After hearing the parties' arguments, the Court took the matter under advisement and now enters the following:

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On August 1, 2011, Mr. Urban filed case No. 5:11-CV-04068-DEO. In that Complaint, Mr. Urban stated that:

> I'm suing John Sells and Chad Morrow and
> the Department of Natural Resources for
> misusing Iowa Laws. They say a person may
> not possess the fur of a fur - bearing
> animal taken from the wild, such as a
> racoon or badger, without a license. ...
> There is no license to possess fur -
> bearing animals.... Here in Iowa we do have
> laws that says a person cannot poach
> animals or have possession of poached
> animals.

On November 15, 2011, Mr. Urban filed an amended pleading which stated that:

> I'm suing the Dept. Of Natural Resources
> and Chad Morrow and John Sells while acting
> in their official capacity or under color
> of legal authority for an agency of the
> United States. ... For being put in jail
> twice in the same case over Christmas
> holidays or a period of 8 ½ months in Jail
> while misusing Iowa laws. There is no
> license to posses fur-bearing animals that
> are lawfully taken.... I believe the DNR
> knows the only time a person is given a
> fine like this is when a fur-bearing animal
> has been poached or if a person is
> possessing a poached animal.

On December 19, 2011, Magistrate Zoss entered an order dismissing Mr. Urban's Complaint. According to his ruling:

> [t]he defendants assert that the complaint
> (1) fails to plead any cause of action that
> invokes federal jurisdiction, (2) fails to
> state a claim upon which relief can be
> granted, and (3) is barred by their
> immunity under the Eleventh Amendment. ...
> From the facts pled, it does not appear

2

that there is any other possible basis for jurisdiction in federal court. Accordingly, the motions to dismiss pursuant to Rule 12(b)(1) (Doc. Nos. 3, 8, and 12) are granted. In any event, the plaintiff has failed completely to allege facts "above the speculative level" to support a cognizable legal theory for a valid claim against the defendants (*Parkhurst*, 569 F.3d at 865), nor has he alleged a basis for circumventing the defendants' immunity under the Eleventh Amendment (see *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004) (the Eleventh Amendment bars the award of any retroactive relief for violations of federal law that would require payment of funds from a state treasury)). For these reasons, even if this court did have jurisdiction, the complaint would be dismissed under Rule 12(b)(6).

Shortly before the order dismissing his first complaint, Mr. Urban filed the present Pro Se Complaint on December 14, 2011. In his second complaint, Mr. Urban alleged that:

> [the Defendants] are misusing Iowa Laws. None of these laws you charged me with applies to trapping non-game animals. There is no license to trap non-game animals. And those racoons, [an]accident[al] catch is a accident[al] catch. If the DNR would not of been shooting those fur bearing animals they could be let go. ... I'm also filing this civil suit because when a person fights the Iowa Dept. Of Natural Resources, they do not get a fair trial. A person gets convicted of laws that do not exist...

3

Mr. Urban went on to articulate the ways in which he felt he did not get a fair trial.

On March 7, 2012, Mr. Urban filed an Amended Complaint in this cause of action which largely repeated his earlier claims. The Defendants promptly filed a Motion to Dismiss. Among other arguments, which will be discussed below, the Defendants argued that Mr. Urban was attempting to re-litigate a case that had previously been dismissed by the Federal Court.

## II. ISSUES

In their Motions(s) to Dismiss the Defendants make several arguments. First, they argue that Mr. Urban has failed to state a claim which would give this Court subject matter jurisdiction. Second, they generally allege that Mr. Urban has failed to state a claim for which relief can be granted. Third, they argue that the doctrines of issue and claim preclusion preclude Mr. Urban from bringing these claims.

Additionally, Defendants Iowa Department of Natural Resources, Chad Morrow, Steven Griebel, John Sells and Billy Oyadare argue the State has sovereign immunity barring these

claims. Defendants Darin Raymond and Amy Oetken argue that they have prosecutorial privilege which should prohibit these claims.

**III. REPORT AND RECOMMENDATION**

Magistrate Zoss previously considered the arguments presented in the Defendants' Motions to Dismiss. In a Report and Recommendation dated April 25, 2011, the Magistrate stated that:

> It is clear that in the present lawsuit the plaintiff is attempting to again assert that the DNR and various state officials acted contrary to Iowa law when they prosecuted him for unlawful possession of furs. This question has already been decided by this court, and the plaintiff is precluded from asserting this claim in the present action. See *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."); *Plough ex rel. Plough v. W. Des Moines Cmty. Sch. Dist.*, 70 F.3d 512, 517 (8th Cir. 1995) (claim preclusion "bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction"). In any event, this claim is barred by the principles set out in of *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) ("[I]n order to

5

>   recover damages for allegedly unconstitutional conviction or imprisonment . . . a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

**IV. CONCLUSIONS**

**A.  Report and Recommendation Adopted**

The Court now adopts the Report and Recommendation (Docket No. 16) of Magistrate Zoss.  Mr. Urban is attempting to re-litigate issues which have previously been disposed of by the Federal Court.  The doctrines of issue and claim preclusion prevent Mr. Urban from again attacking various state agencies and individuals for incidents related to his conviction for the unlawful possession of animal furs. Accordingly, Mr. Urban's claims against the Iowa Department of Natural Resources, Chad Morrow, Steven Griebel, John Sells and Billy Oyadare must be dismissed.

**B.  Prosecutorial Immunity**

The Magistrate did not address the issue of prosecutorial immunity, raised in Defendant Raymond and Oetken's Motion to Dismiss.  They argue that they are duly appointed prosecutors

for Plymouth County, Iowa, and have prosecutorial immunity from Mr. Urban's claims.  In their Brief in Support of Their Motion to Dismiss, Raymond and Oetken correctly state that:

> If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 125 L. Ed. 2d 209, 113 S. Ct. 2606, 2615 (1993).  Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.  Id.; *Imblerv. Pachtman*, 424 U.S. 409, 430-31, n.33 (1976).

*Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. Neb. 1996).

Mr. Urban alleges that, "[the Defendants] are misusing Iowa Laws.  None of these laws you charged me with applies to trapping non-game animals."  Thus, Mr. Urban is alleging damages arising out of the crime he was charged with.  There is no indication that Raymond and Oetken were acting outside the scope of their official duty when they charged Mr. Urban with unlawful possession of animal furs.  Because prosecutors have absolute immunity regarding the initiation and pursuit of criminal charges, Mr. Urban's Complaint against Raymond and Oetken must be dismissed.

7

**V. NO RESISTANCE**

Finally, the Court notes that Mr. Urban did not resist the present Motions to Dismiss (Docket Nos. 8, 9, and 11) during the telephonic hearing conducted on September 18. Mr. Urban stated that he was abandoning the present claims in favor of another lawsuit he has filed regarding this situation. For this reason, and those stated above, Mr. Urban's Complaint must be dismissed.

**IT IS SO ORDERED** this 27th day of November, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa